Dear Mr. Long:
We are in receipt of your request for an Attorney General's opinion as city attorney on behalf of the City of Donaldsonville. Your request states that the Commission Council has requested an opinion on the following questions:
 1. Does the Mayor have to follow Ordinance 2002-13 prior to the hiring of employees?
 2. Can the Mayor create the position of administrative assistant, hire an administrative assistant and reallocate monies from the budget for the salary of the administrative assistant without Council approval or an amendment to the budget?
As City Attorney for the City of Donaldsonville, you advised the Council that "[t]here has been an apparent failure to follow duly enacted ordinances of the Commission Council by the hiring of employees by the Mayor after June 10, 2002, without compliance with Ordinance 2002-13 ". [Memo to Hon. Raymond Jacobs, Commission Council Members, 1/9/2003, p. 1]. You further advised, "there has been an apparent amendment of the budget by the combining [sic] of specifically appropriated salaries to come up with a salary for the executive assistant to the Mayor. This is an act, which requires an ordinance to be done in accordance with the Home Rule Charter." [Id. at p. 4.] We agree with your legal analysis and conclusions, as based upon the Charter, jurisprudence, and our prior opinions, Attorney General Opinion No. 01-465 and No. 99-23. For readers of this opinion, we attach hereto a copy of the referenced memorandum, which fully outlines your legal analysis and conclusions to the questions herein.
If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Cc: Council Commission, City of Donaldsonville
Date Released: March 18, 2003